**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| R. DANIEL GENTLES,<br><br>    Plaintiff,<br> v.<br>BLUE HORIZON INNOVATIONS et al.,<br><br>    Defendants. | Civil Action No.: 21-16420<br><br>**OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court by way of defendants David L. Frank ("Frank") and Blue Horizon Innovations, LLC's ("Blue Horizon") (collectively, "Defendants") motion for the Court to abstain from exercising jurisdiction over this matter and for dismissal or, alternatively, to stay the instant action pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). ECF No. 12. Plaintiff filed an opposition (ECF No. 18), and Defendants replied (ECF No. 19). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendants' motion is denied.

**I. BACKGROUND**

The instant action arises principally out of a dispute over the ownership of 100,000 units of Blue Horizon stock. Blue Horizon is a Florida company in the business of researching and developing "Dielectric Energy Storage Technology" and the "Dense Energy Ultra-Cell." ECF No. 12-1 ("Fla. Compl.") at 3 ¶¶ 8, 12.[1] This technology is used in industries such as electric vehicles, wind and solar power, energy storage, commercial and residential building back-up, and smart devices. *Id.* at 3. Frank is the chief executive officer, founder, and managing member of Blue

---

[1] The Court may take judicial notice of the Florida state court complaint filed by Frank and Blue Horizon on July 8, 2021 in Broward County, Florida, as it is a matter of public record. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

Horizon. ECF No. 1 ("N.J. Compl.") at ¶ 6. Plaintiff, who resides in New Jersey, is allegedly a Blue Horizon partner, membership shareholder, and advisory board member. *Id.* at ¶ 4.

Plaintiff claims that he contracted with Defendants to perform various sales and investment functions for Blue Horizon. *See generally* N.J. Compl. Specifically, Plaintiff alleges that on September 29, 2014, he and Defendants entered into an agreement whereby Plaintiff would serve as a consultant for the sales and marketing of Blue Horizon products, as well as introduce potential investors to Defendants. ECF No. 1-1 at 2. For his work, Plaintiff claims Defendants awarded him a total of 110,000 shares of Blue Horizon stock[2] (N.J. Compl. at ¶ 10), owed Plaintiff a 10% commission for all investments in Blue Horizon raised by Plaintiff (*id.* at ¶ 12), and promised Plaintiff a partnership position in Blue Horizon (*id.* at ¶¶ 11, 37). Plaintiff alleges that his agreement with Defendants has never been terminated, and that he continued to work with Defendants through April 2021 as Blue Horizon's Vice President of Sales Channel Development. *Id.* at ¶ 8.

Plaintiff asserts that Defendants have not abided by these agreements. Regarding his 10% commission for securing investments, Plaintiff alleges he raised between two and five million dollars for Blue Horizon, earning him commissions worth between two and five hundred thousand dollars. *Id.* at ¶¶ 15, 69. However, Plaintiff contends that Defendants have refused to pay him what he claims he is owed. *Id.* at ¶ 69. Moreover, Plaintiff asserts that between 2015 and 2021, he identified and introduced to Defendants at least five investment entities, which presented Defendants with *bona fide* offers to acquire Blue Horizon. *Id.* at ¶¶ 18–34. Plaintiff alleges that Defendants refused to accept these offers because they did not wish to pay the commissions or

---

[2] Plaintiff claims he first received 10,000 shares on October 15, 2014, and later, received an additional 100,000 shares on June 1, 2015. N.J. Compl. at ¶¶ 10–11.

equity that would be owed to Plaintiff if Blue Horizon was acquired by a Plaintiff-identified investor. *Id*. at ¶¶ 22, 24, 27, 28, 35, 37.

Further, Plaintiff asserts various allegations against Defendants for violations of federal securities laws. Specifically, Plaintiff alleges that Frank reached an agreement to sell Blue Horizon to a special acquisition company without disclosing any information about the deal to his shareholders. *Id.* at ¶¶ 32–33. Plaintiff also alleges that during his term as a holder of Blue Horizon shares, Defendants have never held an annual meeting, never appointed a board of directors, never held a shareholder meeting, never disclosed to shareholders profit and loss statements, never drafted a membership or operating agreement, and never disclosed pending litigation involving the company. *Id*. at ¶¶ 40–46.

Plaintiff initiated this action on September 1, 2021 against Blue Horizon and Frank, seeking relief for: 1) willful breach of contract and failure to be paid what Plaintiff is purportedly owed; 2) violations of the Securities Act of 1934; 3) emotional distress and severe adverse impact on Plaintiff's health; 4) punitive damages; and 5) the appointment of a receiver to run the day-to-day operations of Blue Horizon to prevent its sale to the special acquisition company. *See generally* N.J. Compl. On October 1, 2021, Defendants filed the instant motion to dismiss. ECF No. 12. Plaintiff opposed the motion on November 1, 2021 (ECF No. 18), and Defendants replied on November 8, 2021 (ECF No. 19).

Before Plaintiff brought this action in federal court, Defendants filed a similar action against Plaintiff in the Circuit Court of the Eleventh Circuit for Broward County, Florida on July 8, 2021.[3] *See Blue Horizon Innovations LLC et al. v. NextGen Financial LLC et al.*, No.

---

[3] The Court notes that it may consider the Florida action's docket on a motion to dismiss because "a state court docket by its very nature can be accurately and readily determined, and the accuracy and authenticity of the docket cannot be reasonably questioned." *Metzger v. Allegheny Cnty.*, No.

3

CACE21013959. In that case, Blue Horizon and Frank initiated suit against Gentles and his company NextGen Financial LLC ("NextGen") for relief declaring that Gentles is not a Blue Horizon shareholder. *See* generally Fla. Compl. Specifically, Blue Horizon and Frank allege that Gentles received his 100,000 shares of Blue Horizon stock on June 1, 2015 as conditional compensation. *Id*. at ¶ 16–17. Pursuant to a May 23, 2015 agreement, the shares would not vest unless Gentles introduced to Blue Horizon and Frank an investor who would acquire Blue Horizon on or before December 31, 2016. *Id.* at ¶¶ 14–17. Blue Horizon and Frank contend that because no acquisition occurred on or before December 31, 2016, and the agreement was not amended, Gentles's 100,000 shares became void and accordingly Gentles is not a Blue Horizon shareholder. *Id.* at ¶¶ 29–31.

In the Florida action, Defendants filed their amended complaint on August 9, 2021. Plaintiff filed a motion to dismiss on January 18, 2022. Defendants opposed the motion on February 7, 2022, and Plaintiff replied on April 4, 2022.

## II.   LEGAL STANDARD

The *Colorado River* doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding. *See* 424 U.S. at 817–18.  While federal district courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," in "exceptional circumstances" a federal court may abstain and defer to pending state court proceedings for reasons of "[w]ise judicial administration, giving

---

20-cv-73, 2021 WL 2865446, at *1 n.1 (W.D. Pa. Dec. 26, 2018) (citation omitted); *see also Jacobsen v. Citi Mortg. Inc., (NJ)*, 715 F. App'x 222, 222 (3d Cir. 2018) (referencing a state court docket upon review of a district court order dismissing a complaint for lack of subject matter jurisdiction).

regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 813–17.

Whether abstention is appropriate is a two-part inquiry. The initial question is whether there is a parallel state proceeding that raises "substantially identical claims [and] nearly identical allegations and issues." *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton. Inc.*, 571 F.3d 299, 307 (3d Cir. 2009) (internal citation omitted). After deciding this threshold question in the affirmative, courts next consider six factors, as discussed below, to determine whether "exceptional circumstances" merit abstention.

### III. DISCUSSION

The Court finds, as explained further below, that it will not abstain because the state and federal actions do not both involve substantially similar claims, and thus they are not parallel. Moreover, even if the actions were parallel, exceptional circumstances are not present to warrant abstention.

#### A. The Proceedings Are Not Parallel

At the threshold, the Court finds that the state and federal cases are not parallel. "Generally, cases are parallel so as to justify abstention under *Colorado River* when they involve the same parties and claims." *Trent v. Dial Med. of Fla., Inc.*, 33 F.3d 217, 223 (3d Cir. 1994), *superseded by statute on others grounds as recognized in Nat'l City Mortg. Co. v. Stephen*, 647 F.3d 78, 83 (3d Cir. 2011). Despite this general proposition, the Third Circuit has recognized that for a case to be considered parallel "[s]trict identity between parties and claims is not necessary" so long as the state and federal actions involve "substantially similar parties and claims." *Kelly v. Maxum Specialty Ins. Group*, 868 F.3d 274, 285 & n.8 (3d. Cir. 2017); *see also IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 306 (3d Cir. 2006). "'Substantial similarity' only

5

means that the parties involved are closely related and that resolution of an issue in one [case] will necessarily settle the matter in the other." *Kelly*, 868 F.3d at 284 n.8.

Here, the Court finds that the state and federal cases involve the same parties, as Gentles, Frank, and Blue Horizon are all named in both actions. Further, while Plaintiff's entity NextGen is named in the Florida matter, but not in the New Jersey one, the addition or subtraction of a party from one of the proceedings does not prevent a finding that the cases are parallel. *Venner v. McCay*, No. 16-cv-4496, 2017 WL 2616922, at *3 (D.N.J. Jun. 16, 2017). Indeed, parties are considered the same for abstention purposes even when, like here, "a plaintiff in the federal action is a defendant in the state action (and vice versa) and where there are additional parties to one action that are not included in the other." *United States v. Nobel Learning Communities*, No. 17-cv-366, 2017 WL 4697050, at *2 (D.N.J. Oct. 18, 2017) (footnotes omitted). Accordingly, the parties in the state and federal action are the same.

Nevertheless, while the federal and state action may concern the same parties, to be parallel, the cases must also present the same claims. *Nationwide Mut.*, 571 F.3d at 307. As noted above, the claims need not be identical to be considered parallel so long as they are substantially similar, raising "nearly identical allegations and issues." *Timoney v. Upper Merion Twp.*, 66 F. App'x 403, 405 (3d Cir. 2003) (citing *Trent*, 33 F.3d at 223). Here, Frank and Blue Horizon's state court case seeks a declaratory judgment to determine whether Gentles has an ownership interest in Blue Horizon, whereas Gentles's federal proceeding raises breach of contract claims and claims for violations of federal securities laws. Despite these differences, Defendants argue that the claims are nevertheless substantially similar, and thus parallel. ECF No. 12 at 10–11. Specifically, Defendants asserts that in both cases, "the parties' respective claims and defenses rise and fall on a determination of whether [Plaintiff] brought viable acquirors to [Defendants]," which, in turn,

determines whether Gentles holds an ownership interest in Blue Horizon. *Id*. Defendants contend that deciding these issues in state court would completely resolve the federal action in New Jersey, and as a result, the claims in both cases are parallel.

However, this argument is unavailing. The sole issue in the Florida case is whether Gentles is entitled to the 100,000 shares he received as conditional compensation, and, as a result, holds an ownership interest in Blue Horizon. That is also at issue in the New Jersey litigation (N.J. Compl. at ¶¶ 11, 60, 63), but in addition to any dispute over the ownership of these shares, Gentles has brought breach of contract claims to recover what he alleges to be unpaid commission for raising investments in Blue Horizon. *Id.* at ¶ 69. Further, independent of any agreement related to shares earned as conditional compensation, Gentles alleges in the New Jersey action that he received separately an additional 10,000 shares in Blue Horizon (*id.* at ¶ 10), and, as a Blue Horizon shareholder, he has asserted various violations of federal securities laws committed by Defendants (*id.* at ¶¶ 40–46). While the issues in both cases are related, resolution of the ownership question asserted in the Florida action may not dispose of all of Plaintiff's contract and securities claims pending before this Court. Accordingly, the federal and state actions are not parallel. *OwlPoint, LLC v. Spencer Thomas Group*, No. 20-cv-4495, 2021 WL 231479, at *3 (D.N.J. Jan. 29, 2021); *Spellman v. Express Dynamics, LLC*, 150 F. Supp. 3d 378, 385 (D.N.J. 2015)

### B. No Exceptional Circumstances Exist to Merit Abstention

Even assuming the state and federal actions are parallel, the case does not present "exceptional circumstances" warranting abstention. As noted above, the Court weighs six factors to determine whether it should abstain from exercising jurisdiction: "(1) in an *in rem* case, which court first assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained;

7

(5) whether federal or state law controls; and (6) whether the state action is sufficient to protect the interests of the parties." *Id.* at 308 (brackets and citation omitted). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado Rive*r, 424 U.S. at 818–19.

Defendants concede that because this is not a dispute over *in rem* property, factor one is inapplicable and does not weigh towards abstention. ECF No. 12 at 15–16.

The Court next considers factor two, the inconvenience of the federal forum. Frank resides in Florida, and Blue Horizon, as a Florida limited liability corporation, has its offices, books and records, and business operations also in Florida. However, Gentles resides in New Jersey (N.J. Compl. at ¶ 4), and his company NextGen, which allegedly did work for Defendants and is a named party in the Florida action, is located in New Jersey (Fla. Compl. at ¶ 10). Regardless of where the action is litigated, parties, witnesses, and evidence will have to travel back and forth between New Jersey and Florida. Accordingly, given key parties and evidence are likely located in both jurisdictions, the Court finds factor two is neutral as to whether abstention is appropriate in this case. *See Hartford Life Ins. Co. v. Rosenfled et al.*, No. 05-5542, 2007 WL 2226014, at *7 (D.N.J. Aug. 1, 2017) (finding that the "inconvenience of the federal forum is primarily 'concerned with the physical proximity of the federal forum to the evidence and witnesses'") (citations omitted).

Turning to factor three, Defendants argue that this Court should abstain to avoid piecemeal litigation. ECF No. 12 at 11–13. Specifically, Defendants argue that the case in Florida will resolve all issues in the New Jersey action, and not abstaining here will possibly create an inconsistent result to the detriment of the parties. *Id.* at 12–13. However, the Third Circuit has counseled that "abstention must be grounded on more than just the interest in avoiding duplicative litigation."

*Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 171–72 (3d Cir. 1999). Indeed, factor three is satisfied only if there is "a strongly articulated *congressional policy* against piecemeal litigation in the specific context of the case under review." *Ryan v. Johnson*, 115 F.3d 193, 198 (3d Cir. 1997) (emphasis in original). Here, Defendants have not identified a congressional policy relevant to this action, and instead simply rely on the contention that allowing both federal and state cases to proceed will result inconsistent results. This is insufficient to justify abstention. Accordingly, factor three does not weigh in abstention's favor.

Defendants further argue that factor four, the order in which the fora at issue obtained jurisdiction, favors abstention because the Florida action was initiated before the New Jersey action. In assessing whether factor four favors abstention, the Court considers not only "the order in which jurisdiction was obtained," *Nationwide Mut.*, 571 F.3d at 308 (quoting *Spring City Corp.*, 193 F.3d at 171), but also "how much progress has been made in the two actions." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983). Here, the Florida action was commenced first, in July 2021 (No. CACE21013959), while Plaintiff did not file the action pending before this Court until September 2021 (ECF No. 1). Nevertheless, both actions appear to have progressed approximately the same amount. In the Florida action, the parties completed briefing related to Plaintiff's motion to dismiss on April 4, 2022. Similarly, the parties in the federal action are also at the motion to dismiss stage. As neither the state nor federal action have advanced significantly past a preliminary stage of the litigation, this factor does not weigh in favor of abstention. *See Hong v. EveryBeauty, Inc. et al.*, No. 11-cv-3286, 2012 WL 1042933, at *3 (D.N.J. Mar 28, 2012); *Active Disposal Serv., Inc. v. Cnty. of Somerset et al.*, No. 07-cv-3210, 2009 WL 78149, *7 (D.N.J. Jan. 9, 2009) (finding factor four does not favor abstention where both cases are "at the same stage of litigation").

Pursuant to the fifth factor, the Court considers whether federal or state law controls. *See Nationwide Mut.*, 571 F.3d at 308 (quoting *Spring City Corp*, 193 F.3d at 171). The presence of federal claims "militates against abstention." *Ryan*, 115 F.3d at 199. By contrast, this factor will favor abstention when the action involves "state law so intricate and unsettled that resolution in the state courts might be more appropriate," *Id.* at 200. Here, while Defendants argue that the New Jersey action is governed, and can be resolved, by Florida state law (ECF No. 12 at 13–14), Plaintiff also asserts federal securities law claims (N.J. Compl. at ¶¶ 40–46). Moreover, Defendants advance no argument that the Florida state law claims are unusually complex such that state court would be the more appropriate forum. *See U.S. Claims, Inc. v. Smolar et al.*, 574 F. Supp. 2d 487, 490 (E.D. Pa 2008) (denying abstention where Plaintiff failed to demonstrate that state law claims at issue were particularly complex). Given Defendant does not assert that the relevant state law claims are "intricate and unsettled," and Plaintiff is also alleging federal claims, this factor weighs against abstention. *Ryan*, 115 F.3d at 199–200.

Finally, the sixth factor counsels the Court to consider "whether the state court will adequately protect the interests of the parties." *Nationwide Mut.*, 571 F.3d at 308 (quoting *Spring City Corp.*, 193 F.3d at 171. This factor is "normally relevant only when the state forum is inadequate." *Ryan*, 115 F.3d at 200. And in those circumstances, factor six only serves to weigh against abstention. *Golden Gate Nat'l Senior Care, LLC v. Minich ex rel. Est. of Shaffer*, 629 F. App'x 350, 352 (3d Cir. 2015). As Defendants ask the federal forum to abstain, they, by implication, assert that the state court will protect the parties' interest. Accordingly, this factor "carries little weight" and does not weigh in favor of abstention. *Id.*; *see Blank River Servs., Inc. v. Towline River Serv., Inc.*, 395 F. Supp. 3d 589, 599–600 (W.D. Pa. 2019) (finding factor six immaterial where moving party asserts state court can adequately protect the parties' interests).

10

After balancing the relevant considerations, the Court finds that this case does not present the "exceptional circumstances" necessary for the Court to refrain from exercising its jurisdiction. Accordingly, Defendants' motion must be denied.

## C. CONCLUSION

For the reasons set forth above, Defendants' motion to abstain from exercising jurisdiction over this matter and for dismissal, or in the alternative to stay the action, is denied. An appropriate Order accompanies this Opinion.

DATED: May 26, 2022

s/ Claire C. Cecchi<br>
**CLAIRE C. CECCHI, U.S.D.J.**