NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| R. DANIEL GENTLES, | : | |
| Plaintiff, | : | Civ. No. 21-16420 |
| v. | : | |
| | : | **OPINION AND ORDER** |
| BLUE HORIZON INNOVATIONS, et al., | : | |
| Defendants. | : | |

**CECCHI, District Judge.**

This matter comes before the Court by way of Defendants David L. Frank ("Frank") and Blue Horizon Innovations, LLC's ("Blue Horizon") (collectively, "Defendants") motion to dismiss (ECF No. 26) Plaintiff R. Daniel Gentles's ("Plaintiff") complaint (ECF No. 1). Plaintiff filed an opposition (ECF No. 32), and Defendants filed a reply (ECF No. 39). The Court has also considered the parties' subsequent letters filed in connection with this motion. *See* ECF Nos. 33, 37, 38. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendants' motion is denied.

**WHEREAS** the Court incorporates herein the background of this case provided in its May 26, 2022, Opinion. ECF No. 24. In short, Plaintiff initiated this action in September 2021 seeking relief for (1) willful breach of contract and for failure to be paid; (2) violations of the federal Securities Act of 1934 ("Exchange Act"); (3) emotional distress and severe adverse impact on Plaintiff's health; (4) punitive damages; and (5) the appointment of a receiver to run Defendant Blue Horizon's operations to prevent its sale to a special purpose acquisition company ("SPAC"). *See generally* ECF No. 1. Defendant Frank is a Florida resident and the chief executive officer,

founder and managing member of Defendant Blue Horizon, a Florida limited liability company. *See* ECF No. 1 at ¶¶ 5-6.  Plaintiff is a New Jersey resident and allegedly a partner, membership shareholder and advisory board member in Defendant Blue Horizon. *Id.*; and

**WHEREAS** Defendants moved to dismiss Plaintiff's complaint in October 2021 on grounds that the Court should abstain from hearing this case given related, ongoing proceedings in Florida state court. *See generally* ECF No. 12.  In a decision dated May 26, 2022, this Court denied Defendants' motion, finding that the state and federal actions were not parallel.  ECF No. 24 at 5-6.  In so finding, the Court relied on the fact that, unlike in the Florida action, here Plaintiff "has asserted various violations of federal securities laws committed by Defendants." *Id.* at 7.  Thereafter, Defendants filed the instant motion (ECF No. 26) seeking to dismiss Plaintiff's complaint on grounds that the Court lacks both subject matter and personal jurisdiction over Defendants; and

**WHEREAS** a court must grant a motion to dismiss under Fed. R. Civ. P. 12(b)(1) if it determines that it lacks subject matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).  "Generally, where a defendant moves to dismiss under Rule 12(b)(1) . . . the plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *The Connelly Firm, P.C. v. U.S. Dep't of the Treasury*, No. 15-cv-2695, 2016 WL 1559299, at *2 (D.N.J. Apr. 18, 2016) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)).  "When a party moves to dismiss prior to answering the complaint . . . the motion is generally considered a facial attack." *Saint-Jean v. Cnty. Of Bergen*, 509 F. Supp. 3d 87, 97 (D.N.J. 2020) (quoting *Leadbeater v. JPMorgan Chase, N.A.*, No. 16-cv-7655, 2017 WL 4790384, at *3 (D.N.J. Oct. 24, 2017)).  When addressing a facial attack to subject matter jurisdiction, "the court looks only at the

allegations in the pleadings and does so in the light most favorable to the [non-moving party]." *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.,* 473 F.3d 506, 514 (3d Cir. 2007); and

**WHEREAS** 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States." Further, a case "arises under" federal law where "a well-pleaded complaint establishes either that [i] federal law creates the cause of action or [ii] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *DeGennaro v. Grabelle*, No. 19-16419, 2021 WL 698476, at *2 (D.N.J. Feb. 23, 2021); and

**WHEREAS** Defendants move to dismiss Plaintiff's complaint for lack of subject matter jurisdiction on grounds that none of Plaintiff's claims arise under federal law to grant this Court jurisdiction under 28 U.S.C. § 1331.[1]  ECF No. 26 at 7-12.  Specifically, Defendants contend that Plaintiff has failed to adequately allege a claim under the Exchange Act that would bring his complaint into this Court's jurisdiction. *Id.* at 9.  In addition, Defendants argue that Plaintiff's claims otherwise fail to fall within the "special and small category of cases" arising under state law that are entitled to federal jurisdiction. *Id.* at 9-12 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S 308, 312 (2005)); and

**WHEREAS** the Court finds that Defendants' present challenge to federal question jurisdiction is without merit.  Here, as the Court noted in its prior Opinion denying Defendants' first motion to dismiss, *see* ECF No. 24 at 3, Plaintiff's complaint asserts various allegations against Defendants for violations of the federal Exchange Act, ECF No. 1 at ¶¶ 95-108, 116-19, which provides this Court "exclusive jurisdiction of violations of this chapter or the rules and

---

[1] Defendants also argue that diversity jurisdiction is lacking under 28 U.S.C. § 1332(a). ECF No. 16 at 12-13. However, as discussed below, since the Court finds that Plaintiff has sufficiently alleged a federal claim on the face of the complaint, the Court need not address whether diversity jurisdiction exists here.

3

regulations thereunder, and all suits in equity and actions at law brought to enforce any liability or duty created" thereunder, 15 U.S.C. § 78aa(a).  For example, in support of his Exchange Act claims, Plaintiff alleges that Defendant Frank reached an agreement to sell Defendant Blue Horizon to a SPAC without disclosing any information about the deal to his shareholders.  ECF No. 1 at ¶¶ 32-33; *see, e.g.*, *Oran v. Stafford*, 226 F. 3d 275, 282 (3d Cir. 2000) (finding there is liability under the Exchange Act where a "defendant, in connection with the purchase or sale of a security, . . . omitted to state a material fact necessary to make a statement not misleading" (internal quotation and citation omitted)).  Plaintiff further alleges that, during his time as a holder of Blue Horizon shares, Defendants never held an annual meeting, never appointed a board of directors, never held a shareholder meeting, never disclosed profit and loss statements, never drafted a membership or operating agreement, and never disclosed pending litigation involving the company.  *See id.* at ¶¶ 40-46; and

**WHEREAS** Defendants argue that, pursuant to the Supreme Court's ruling in *Merrill Lynch v. Manning*, 578 U.S. 374 (2016), Plaintiff cannot assert purely state-law claims and "allege[ ], for atmospheric reasons, that the defendant's conduct also violated the Exchange Act" as a means to secure federal jurisdiction.  *Id.* at 381-82; *see also* ECF No. 26 at 8-9.  However, unlike in *Merrill Lynch*, where the plaintiff could "get all the relief he seeks just by showing the breach of an agreement, without proving any violation of federal securities law," *see* 578 U.S. at 382, Plaintiff's complaint here asserts separate causes of action grounded in the Exchange Act, independent of Plaintiff's state-law causes of action, *cf. id.* at 378 ("Manning chose not to bring any claims under federal securities laws or rules.").  For example, count six of Plaintiff's complaint seeks compensatory and punitive damages in compensation for "the emotional distress and severe effect on Plaintiff as a result of Defendants' actions and numerous violations of the [Exchange]

Act and Defendants' fiduciary duties to Plaintiff thereto." *See* ECF No. 1 at 19; *see also id.* at ¶¶ 95-108.  In addition, count eight of the complaint seeks an order enjoining Defendants "from moving forward with their undisclosed SPAC deal without full disclosure to and full approval of the minority shareholders," as they argue is required under the Exchange Act. *Id.* at 19-20; *see also id.* at ¶¶ 116-19; and

**WHEREAS** Defendants assert that Plaintiff "offers only nonspecific, legal conclusions about Defendants' purported violations of the Exchange Act." ECF No. 26 at 11. However, without opining on the sufficiency of Plaintiff's allegations, to the extent Defendants challenge the merits of Plaintiff's federal claims, *see* ECF No. 26 at 10-12, such a challenge is improper on a Rule 12(b)(1) motion, *see, e.g.*, *Davis v. Wells Fargo*, 824 F.3d 333, 348 (3d Cir. 2016) ("We have repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits."); *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, (3d Cir. 1991) ("A plaintiff may be prejudiced if what is, in essence, a Rule 12(b)(6) challenge to the complaint is treated as a Rule 12(b)(1) motion."); *Gould Electronics v. United States*, 220 F.3d 169, 178 (3d Cir. 2000) ("This concern arises because the standard for surviving a Rule 12(b)(1) motion is lower than that for a Rule 12(b)(6) motion."). Accordingly, the Court will deny Defendants' motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *See Raskas v. Lattice, Inc.*, No. 18-cv-10332, 2019 WL 2865423, at *2 & n.3 (D.N.J. July 3, 2019) (finding that the Court was not deprived of jurisdiction even if "the complaint, as pled, clearly fails to assert a FLSA claim"); and

**WHEREAS** next, the Court must grant a defendant's motion to dismiss under Rule 12(b)(2) if the Court does not maintain personal jurisdiction over the defendant. Once personal jurisdiction is challenged in this manner, the burden of establishing personal jurisdiction shifts to

the plaintiff.  *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) (citations omitted).  To demonstrate personal jurisdiction, the plaintiff may rely on the allegations in the complaint, affidavits, or other competent evidence.  *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009); and

**WHEREAS** here, Defendants assert that the Court lacks both general and specific personal jurisdiction over them.  ECF No. 26 at 13-16.  As to general personal jurisdiction, Defendants argue, and Plaintiff does not challenge, that Defendant Blue Horizon "is an LLC organized under the laws of Florida . . . and has a principal place of business is Broward County Florida."  ECF No. 26 at 15.  Courts in this Circuit have found that, "for the purpose of general personal jurisdiction, a limited liability company's citizenship is that of its principal place of business and state of incorporation."  *Hannah v. Johnson & Johnson, Inc.*, No. 18-cv-10319, 2020 WL 3497010, at *16 (D.N.J. June 29, 2020); *see also Gordet v. Chryslergroup LLC*, No. 15-cv-1470, 2015 WL 6407959, at *3 (D.N.J. Oct. 21, 2015) (applying same standard to a limited liability company); *Finn v. Great Plains Lending, LLC*, No. 15-cv-4658, 2016 WL 705242, at *3 n.3 (E.D. Pa. Feb. 23, 2016) (finding that the "reasoning of *Daimler* [*v. Bauman*, 571 U.S. 117 (2014)] applies with equal force" to limited liability companies).  Thus, the Court lacks general jurisdiction over Defendant Blue Horizon.  Likewise, Defendants assert, and Plaintiff does not contest, that Defendant Frank "is a citizen of Florida."  ECF No. 26 at 15; *see also Allaham v. Naddaf*, 635 F. App'x 32, 38 (3d Cir. 2015) ("[F]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile" (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011))).  Accordingly, the Court also lacks general jurisdiction over Defendant Frank;[2] and

---

[2] Plaintiff argues that Defendants have "maintained systematic and continuous contacts with" New Jersey because "Defendant Frank, on his own behalf and on behalf of Defendant [Blue Horizon], communicated

6

**WHEREAS** Defendants further argue that specific personal jurisdiction is lacking because Defendant Blue Horizon's "only contact to New Jersey was its execution of the Consulting Agreement with New Jersey resident, [Plaintiff]," and Defendant Frank only had "a single meeting with [Plaintiff] in 2014" in New Jersey. ECF No. 26 at 15-16. In contrast, Plaintiff contends that the Court does have specific jurisdiction because (i) Defendants engaged in continuous business communications with Plaintiff, via telephone and email, from approximately 2013 to 2021, and (ii) "Defendant Frank travelled to New Jersey on more than one occasion, [on behalf of himself and Defendant Blue Horizon], to meet with New Jersey investors as arranged by the Plaintiff." ECF No. 32 at 18. Defendants do not dispute these alleged contacts in their reply brief. *See generally* ECF No. 39. Nonetheless, to the extent the parties dispute how frequently Defendant Frank traveled to New Jersey to engage in business on behalf of himself and Defendant Blue Horizon in relation to their consulting agreement with Plaintiff, the Court must "construe [those] disputed facts in favor of the plaintiff." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); and

**WHEREAS** such contacts, as alleged by Plaintiff, would constitute "purposeful availment" to satisfy the personal jurisdiction inquiry. For example, Plaintiff provides numerous email communications between himself and Defendant Frank, ranging from at least 2015 to 2018, discussing business dealings related to Defendant Blue Horizon. *See* ECF No. 33-7 at 3-14; *see also Kitchen & Assocs. Servs., Inc. v. Haven Campus Communities*, No. 19-cv-10995, 2019 WL

---

constantly both by phone and emails with the Plaintiff" for numerous years. ECF No. 32 at 18 (internal citation omitted). The Court is not persuaded by this argument for purposes of establishing general personal jurisdiction. *See, e.g.*, *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 564 (3d Cir. 2017) (finding that it is "incredibly difficult to establish general jurisdiction [over a corporation] in a forum other than the place of incorporation or principal place of business") (internal citation and quotation marks omitted); *Abira Med. Laby's, LLC v. Humana, Inc.*, No. 22-cv-06190, 2023 WL 93052308, at *3 (D.N.J. Apr. 24, 2023) ("The facts required to establish sufficient contacts for general jurisdiction must be extensive and persuasive.").

6606857, at *5 (D.N.J. Dec. 4, 2019) (finding that personal jurisdiction may be proper where "the plaintiff can proffer evidence of a defendant deliberately directing mail, telephone, and/or email communications to the forum state" (internal citation omitted)).  Since Defendant Frank admits that he visited with Plaintiff in New Jersey in 2014, ECF No. 26 at 15-16, he was presumably aware that Plaintiff was receiving these subsequent email communications in New Jersey, *Kitchen & Assocs., Inc.*, 2019 WL 6606857, at *5 (determining whether email communications satisfy the "purposeful availment" inquiry requires asking whether "the sender of the emails was aware that the recipient was located in or would be accessing the emails from the forum state" (quoting *Watiti v. Walden Univ.*, No. 07-cv-4782, 2008 WL 2280932, at *11 (D.N.J. May 30, 2008))); *see also Am. Bd. of Internal Med. V. Rushford,* No. 14-cv-6428, 2015 WL 5164791, at *5 (D.N.J. Sept. 2, 2015) (finding same); and

  **WHEREAS**, in any event, Defendant Frank's alleged meetings with Plaintiff and investors in New Jersey, on behalf of himself and Defendant Blue Horizon, are also sufficient to satisfy personal jurisdiction.  *See, e.g.*, *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 150 (3d Cir. 1992) (finding attendance at client meeting in New Jersey, coupled with other communications to the state, "suffices to establish the minimum contacts necessary for specific jurisdiction"); *Wartsila NSD N. Am., Inc. v. Hill Int'l, Inc.*, 269 F. Supp. 2d 547, 559 (D.N.J. 2003) (finding purposeful availment where, "[p]erhaps most significantly, [members of the out-of-state entity] made several visits to New Jersey for purposes of conducting depositions and consulting with the firm's New Jersey clients"); *Burke v. Quartey*, 969 F. Supp. 921, 928 (D.N.J. 1997) ("[B]y entering New Jersey and purposefully availing himself of the benefits of conducting business here, the defendant is charged with foreseeing the possibility of litigation here."); *Gov't Emps. Ins. Co. v. Nealey*, 262 F. Supp. 3d 153, 164 (E.D. Pa. 2017) (finding purposeful availment "unquestionable" where

defendant "traveled to Pennsylvania to participate in a deposition"). Further, these contacts, including alleged meetings with prospective investors, are sufficiently related to the instant action. Notably, Defendants' alleged wrongdoing arises out of, among other things, the parties' "agreement whereby Plaintiff would go to his extensive network of investors, in order to raise investment capital for the Defendants." ECF No. 1 at ¶¶ 7, 72-73, 75, 82, 89. Accordingly, the Court finds that it has specific personal jurisdiction over Defendants.

Accordingly, **IT IS** on this 27th day of September, 2023,

**ORDERED** that, on the record presently before the Court, Defendants' motion to dismiss (ECF No. 26) Plaintiff's complaint for lack of subject matter jurisdiction and/or personal jurisdiction is hereby **DENIED** without prejudice.

**SO ORDERED**.

s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**

9